UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BERNARD NELSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:08mc0088 |
| | ) Judge Campbell |
| MONTGOMERY COUNTY JAIL, | ) ) |
| Defendant. | ) |

## MEMORANDUM

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Montgomery County Jail in Clarksville, Tennessee. He brings this action under 42 U.S.C. § 1983, naming the Montgomery County Jail as the sole defendant. The plaintiff seeks money damages only, alleging violations of his rights under the First, Eighth, and Fourteenth Amendments.

To state a claim under § 1983, Plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the Court is required to dismiss a prisoner-plaintiff's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S.

319, 325 (1989). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although *pro se* complaints are to be construed liberally by the courts, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

As noted *supra*, the plaintiff names the Montgomery County Jail as the sole defendant to this action. "Persons" exposed to legal liability under § 1983 include municipal corporations and other "bodies politic and corporate." *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997), *cert. denied*, 522 U.S. 914 (1997)(citing *Monell v. Department of Social Services*, 436 U.S. 658, 688 (1978) and *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)(*per curiam*).

Sheriffs' offices and police departments are not bodies politic. As such, they are not "persons" within the meaning of § 1983. *See Petty v. County of Franklin, Ohio* 478 F.3d 341, 347 (6th Cir. 2007)(a sheriff's office is not a legal entity that can be sued under § 1983); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)(a police department is not a person for purposes of § 1983); *Timberlake by Timberlake v. Benton*, 786 F.Supp. 676, 682-83 (M.D. Tenn. 1992)(police departments are not persons within the meaning of § 1983).

Just as sheriffs' offices and police departments are not persons for purpose of § 1983, jails and prisons also are not "persons" within the meaning of § 1983. *See Mitchell v. Chester County Farms Prison*, 426 F.Supp. 271, 274 (D.C.Pa 1976); *Marsden v. Fed. BOP*, 856 F.Supp. 832, 836 (S.D.N.Y 1994); *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D.Ill 1993); *McCoy v.*

2

*Chesapeake Corr'l Ctr.*, 788 F. Supp. 890, 893-894 (E.D. Va. 1992). In naming the Montgomery County Jail as the sole defendant to this action, the plaintiff has failed to establish the second part of the two-part test under *Parratt, supra* at p. 1.

Giving this *pro se* pleading a liberal construction, the Court could construe the complaint as an attempt to state a claim against the County of Montgomery, the political entity responsible for operating the Montgomery County Jail. However, for the County of Montgomery itself to be liable under § 1983, the plaintiff would have to allege and show that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county. *Monell*, 436 U.S. 689-690. The plaintiff makes no such allegation, nor can such an allegation be inferred from the complaint. Consequently, the allegations against the Montgomery County Jail cannot be imputed to the County of Montgomery.

For the reasons explained above, the plaintiff's complaint lacks an arguable basis in law or fact. Therefore, the complaint will be dismissed as frivolous.

An appropriate Order will be entered.

Todd Campbell
United States District Judge

3